FILED

SHAWN KHORRAMI, ESQ., SBN 180411
BAHAR DEJBAN, ESQ., SBN 240135
KHORRAMI POLLARD & ABIR, LLP
444 South Flower Street, 33rd Floor
Los Angeles, CA 90071
Telephone: (213) 596-6000
Facsimile:  (213) 596-6010

2008 APR -3  PM 2: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. 6 CALIF.
LOS ANGELES

BY _____

BRIAN KABATECK, ESQ., SBN 152054
RICHARD KELLNER, ESQ., SBN 171416
KABATECK BROWN KELLNER
644 South Figueroa Street
Los Angeles, CA 90071
Telephone: (213) 217-5000
Facsimile:  (213) 217-5010

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIKO WILLIAMS<br><br>Plaintiff<br><br>v.<br><br>MERCK & CO., INC.,  and MCKESSON CORP.<br><br>Defendants | Case No. **CV08-02218** AHM (AGRx)<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES BASED ON:**<br><br>1. **NEGLIGENCE**<br>2. **STRICT PRODUCT LIABILITY - FAILURE TO WARN**<br>3. **STRICT PRODUCT LIABILITY - MANUFACTURING AND DESIGN DEFECT**<br>4. **BREACH OF EXPRESS WARRANTY**<br>5. **BREACH OF IMPLIED WARRANTY**<br>6. **FRAUDULENT MISREPRESENTATION**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

COPY

1

**COMPLAINT FOR DAMAGES**

Plaintiff, SACHIKO WILLIAMS, brings this action against Defendants and alleges as follows:

## INTRODUCTION

1.    Plaintiff Sachiko Williams consumed the prescription drug Fosamax®, also known as Alendronate Sodium (hereinafter referred to as "Fosamax"), which is manufactured and distributed by Defendants MERCK and MCKESSON. Sachiko Williams developed, and will continue to suffer from, a serious health condition as a result of her consumption of the drug.

2.    Defendant MERCK & CO. INC (hereinafter "MERCK") designed, researched, manufactured, advertised, promoted, marketed sold and/or distributed Fosamax. Furthermore, Defendant MERCK concealed its knowledge of Fosamax's risks and trivialized the serious side effects of Fosamax from Plaintiff's physicians, pharmacists, and the public in general.

3.    Defendant MCKESSON CORP ("hereinafter "MCKESSON") is a corporation whose principle place of business is San Francisco, California. MCKESSON distributed and sold Fosamax in and throughout the United States including the State of California.

4.    As a result of Defendant's actions, Sachiko Williams has suffered and will continue to suffer from a serious health condition.

## PARTIES

5.    Plaintiff Sachiko Williams ("Ms. Williams") is a resident of Texas. Ms. Williams consumed the Defendants' prescription drug Fosamax until she was diagnosed with osteonectrosis of the jaw.

6.    Defendant MERCK, is, and at all times material to this action was, a corporation organized, existing and doing business under and by virtue of the laws of the State of New Jersey, with its principal office located at One Merck Drive, Whitehouse Station, New Jersey.

7.    MERCK is, and at all times material to this action was, authorized to

2

do business, and was engaged in, and continues to be engaged in,  substantial commerce and business throughout the United States including the States of Texas and California.

8.     MERCK includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers and organizational units of any kind, their predecessors, successors and assigns and their present officers, directors, employees, agents, representatives and other persons acting on their behalf.

9.      Plaintiff is informed and believes, and based thereon alleges, that in committing the acts alleged herein, each and every managing agent, agent, representative and/or employee of the Defendant was working within the course and scope of said agency, representation and/or employment with the knowledge, consent, ratification and authorization of the Defendant and its directors, officers and/or managing agents.

10.     At all times material to this action, Defendant MERCK designed, researched, developed, tested, redeveloped, studied, investigated, manufactured, created, sterilized, packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or to inform users regarding the risks pertaining to, and assuaged concerns about their pharmaceutical Fosamax.

11.     Defendant MCKESSON is, and at all times material to this action was, a corporation organized, existing and doing business under and by virtue of the laws of the State of Delaware, with its principal place of business in San Francisco, California.  MCKESSON is, and at all times material to this action was, authorized to do business, and was engaged in, and continues to engage in, substantial commerce and business in the States of Texas and California.

12.     Defendant MCKESSON includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers and organizational units of any kind, their predecessors, successors and assigns and their present officers,

3

**COMPLAINT FOR DAMAGES**

1  directors, employees, agents, representatives and other persons acting on their

2  behalf.

3       13.    Plaintiff is informed and believes, and based thereon alleges, that in

4  committing the acts alleged herein, each and every managing agent, agent,

5  representative and/or employee of Defendant MCKESSON was working within the

6  course and scope of said agency, representation and/or employment with the

7  knowledge, consent, ratification and authorization of the Defendant and its

8  directors, officers and/or managing agents.

9       14.    At all times material to this action, Defendant MCKESSON packaged,

10  distributed, supplied, sold, placed into the stream of commerce, labeled, described,

11  marketed, advertised, promoted and purported to warn or to inform users regarding

12  the risks pertaining to, and assuaged concerns about the pharmaceutical Fosamax.

13       15.    Defendants placed Fosamax into the stream of commerce in the

14  United States without adequate testing and with no warning that consumption of

15  the drug carried with it a risk of causing osteonecrosis of the jaw.

16  **JURISDICTION AND VENUE**

17       16.    This court has subject matter jurisdiction over this matter pursuant to

18  28 U.S.C. 1332 (diversity of citizenship). The matter in controversy in this civil

19  action exceeds the sum of $75,000.00, exclusive of interest and costs and is

20  between citizens of different states.

21       17.    Venue in this jurisdiction is proper pursuant to 28 U.S.C. §1391 in

22  that the Defendants both reside in the State of California. A defendant is deemed to

23  reside in any judicial district where its contacts would be sufficient to subject it to

24  personal jurisdiction at the time the action is commenced. MCKESSON not only

25  has its principle place of business within the State of California, but has also

26  engaged in substantial amount of business in the State of California. MERCK has

27  designed, distributed, merchandised, advertised, supplied and sold to distributors,

28  physicians and hospitals their drug Fosamax to be consumed within the State of

**COMPLAINT FOR DAMAGES**

California and as such, have had sufficient contacts to subject them to personal jurisdiction at the time the action is commenced.

**GENERAL ALLEGATIONS APPLICABLE
TO ALL CAUSES OF ACTION**

18.     The pharmaceutical drug at issue in this litigation is "Fosamax", a brand name for the drug's primary component Alendronate.

19.     Fosamax falls within a class of drugs known as bisphosphonates, which are used in the treatment of bone conditions such as osteoporosis and Paget's Disease. Other drugs within this class, such as Aredia and Zometa, are used as chemotherapy and as adjunct chemotherapy but are not indicated for use in non-cancerous conditions such as osteoporosis.

20.     Bisphosphonate drugs are divided into nitrogenous bisphosphonates and non-nitrogenous bisphosphonates. The obvious difference between the two is that the nitrogenous one contains nitrogen while the latter does not. Fosamax is a type of nitrogenous bisphosphonate.

21.     The United States Food and Drug Administration ("FDA") approved Fosamax in September 1995 for the treatment of osteoporosis in women after menopause and Paget's Disease. Since, it has been approved for the prevention of osteoporosis in post-menopausal women, to increase bone mass in men with osteoporosis and to treat osteoporosis in men and women who are taking corticosteroids.

22.     Since its approval, it has become the most prescribed medicine worldwide for the treatment of postmenopausal, male and glucocorticoid-induced osteoporosis, with global sales reaching $3.2 billion in 2005 as indicated by Merck's 2005 Annual Report.

23.     Fosamax reverses bone loss by reducing the activity of the cells that cause bone loss, decreasing the faster rate of bone loss that occurs after menopause or with use of corticosteroid medications, and increasing the amount of bone in

5

**COMPLAINT FOR DAMAGES**

1   most patients.

2       24.    Despite these benefits, there have been reports that indicate the serious

3   risks associated with the consumption of Fosamax.  A number of studies have

4   shown that Fosamax has been linked with a type of bone disease known as

5   osteonecrosis of the jaw. Symptoms of this disease include localized pain in the

6   jaw, numbness, loosening of teeth, soft tissue infections and/or the exposure of

7   jawbone.

8       25.    Throughout the 1990's and 2000's, medical articles and studies

9   reported on the frequent occurrence of osteonecrosis of the jaw in patients being

10  treated with the nitrogenous bisphosphonates used for chemotherapy. MERCK

11  knew or should have known at this time that Fosamax, also a nitrogenous

12  bisphosphonate, would carry with it a similar risk of osteonecrosis of the jaw.

13      26.    MERCK knew or should have known that bisphosphonates, including

14  Fosamax, inhibit endothelial cell function. Similarly, MERCK knew or should

15  have known that bisphosphonates also inhibit vascularization of the affected area

16  and induce ischemic changes specific to patients' mandibles (lower jaws) and

17  maxillae (upper jaws) and that these ischemic changes appear to be cumulative in

18  nature.

19      27.    MERCK also knew or should have known that these factors combine

20  to create a compromised vascular supply in the affected area. As a result, a minor

21  injury or disease can turn into a non-healing wound. That in turn can progress to

22  widespread necrosis (bone death) and osteomyelitis (inflammation of bone

23  marrow).

24      28.    Osteonecrosis of the jaw is a condition in which the bone tissue in the

25  jaw fails to heal after minor trauma such as a tooth extraction, causing the bone to

26  be exposed.  The exposure can eventually lead to infection and fracture and may

27  require long term antibiotic therapy or surgery to remove the dying bone tissue.

28  Dentosts are now being advised by dental associations to refrain from using any

**COMPLAINT FOR DAMAGES**

1    invasive procedures (such as drilling a cavity) for any patient on Fosamax.

2    29.    Once the osteonecrosis begins it is very difficult to treat and typically

3    is not reversible. Regular monitoring of the condition by a medical professional is

4    also required. It is a serious medical condition that can result in severe disability

5    and death.

6    30.    The risks of osteonecrosis associated with Fosamax use became clear

7    shortly after MERCK began selling it, as reports of osteonecrosis and other dental

8    complications among Fosamax users began to appear. Despite this knowledge,

9    MERCK failed to further study the risk of osteonecrosis of the jaw relative to

10   Fosamax and instead proposed further indications for their drug.

11   31.    The FDA conducted a review of their adverse events database,

12   specifically for the bisphosphonates Aredia, Zometa, Actonel and Fosamax,  in

13   August 2004 and observed that the risk of osteonecrosis of the jaw was not

14   confined to bisphosphonates used for chemotherapy. Their review indicated that

15   osteonecrosis of the jaw was a class effect which included the drug Fosamax.  As a

16   result, the FDA has recommended that labeling for Fosamax should be changed to

17   specifically warn about the risk of osteonecrosis of the jaw.

18   32.    The connection between Fosamax use and osteonecrosis of the jaw

19   was also published in the Journal of Oral and Maxillofacial Surgeons and it

20   prompted the FDA to issue a warning to medical professionals on September 24,

21   2004.

22   33.    MERCK has refused to comply with the FDA's recommendation and,

23   to this day, still does not warn of the risks of osteonecrosis of the jaw in their

24   labeling.

25   34.    Rather than warn patients, and despite the knowledge by Defendants

26   about increased risk of osteonecrosis of the jaw in patients using Fosamax,

27   Defendants continue to defend Fosamax, mislead physicians and the public, and

28   minimize unfavorable findings.

7

**COMPLAINT FOR DAMAGES**

35.     Defendants knew of the significant risk of dental and oral complications caused by the ingestion of Fosamax, but Defendants did not adequately and sufficiently warn consumers, including Sachiko Williams, or the medical community of such risks.

36.     As a direct result, Plaintiff Sachiko Williams was prescribed Fosamax and has been permanently and severely injured as a result of her consumption of Fosamax. Sachiko Williams will suffer life-long complications and in the future will require ongoing medical care and treatment.

37.     Plaintiff Sachiko Williams was prescribed and began taking Fosamax in 2003. Ms. Williams used Fosamax in a foreseeable manner.

38.     As a direct and proximate result of using Fosamax, Sachiko Williams has suffered and will continue to suffer from severe osteonecrosis of the jaw.

39.     Plaintiff would not have used Fosamax had the Defendants properly disclosed the risks associated with the drug. Alternatively, had Sachiko Williams known the risks, she would have known what events could increase her risk of osteonecrosis of the jaw and would have been able to avoid those situations.

40.     MERCK, through its affirmative misrepresentations and omissions, actively concealed from Ms. Williams and her physicians the true and significant risks associated with taking Fosamax.

41.     As a result of Defendants' actions, Ms. Williams and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that she had been exposed to the risks identified in this complaint.

**FRAUDULENT CONCEALMENT**

42.     Any applicable statute of limitations have been tolled by the knowing and active concealment and denial of facts as alleged herein by the Defendants. The Plaintiff has been kept in ignorance of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. The Plaintiff

**COMPLAINT FOR DAMAGES**

1    could not have reasonably discovered the dangerous nature and unreasonable

2    adverse side effects associated with Fosamax.

3        43.    Defendants are and were under a continuing duty to disclose the true

4    character, quality and nature of their drug to the Plaintiff. Because of their

5    concealment of the true character, quality and nature of their antipsychotic

6    medication, Defendants are estopped from relying on any statute of limitations

7    defense.

8    **FIRST CAUSE OF ACTION**
     *Negligence*

9    (Against Defendants MERCK and MCKESSON)

10       44.    Plaintiff incorporates by reference the allegations in all preceding

11   paragraphs of this Complaint as though fully set forth in this paragraph.

12       45.    Defendants had a duty to exercise reasonable care in the manufacture,

13   sale, research, development, inspection, labeling, promoting, marketing, and/or

14   distribution of Fosamax into the stream of commerce, including a duty to assure

15   that this drug did not cause users to suffer from unreasonable, dangerous side

16   effects.

17       46.    Defendants MERCK and MCKESSON failed to exercise ordinary

18   care in the manufacture, sale, testing, quality assurance, quality control, marketing

19   and/or distribution of Fosamax  into interstate commerce, in that Defendants knew

20   or should have known that using Fosamax created a high risk of unreasonable

21   dangerous side effects, including but not limited to the risk of developing

22   osteonecrosis of the jaw.

23       47.    Defendants MERCK and MCKESSON breached their duty to

24   Plaintiffs and were negligent in the licensing, testing, design, manufacture,

25   packaging, warning, advertising, promotion, distribution, and sale of Fosamax in

26   that Defendants:

27           A.    Failed to use ordinary care in designing and manufacturing the

28              Fosamax so as to avoid the aforementioned risks to Plaintiffs;

9

**COMPLAINT FOR DAMAGES**

B.  Failed to accompany Fosamax with proper warnings regarding the possible adverse side effects associated with the use of those drugs and the comparative severity and duration of such adverse effects, i.e., the warnings given did not accurately reflect the symptoms, scope or severity of the side effects;

C.  Failed to conduct adequate pre-clinical testing and post-marketing surveillance to determine the safety and side effects of Fosamax;

D.  Failed to provide adequate training to medical care providers for appropriate use of Fosamax;

E.  Failed to warn Plaintiff, either directly or indirectly, orally or in writing, about the following:

(i)  The need for comprehensive, regular monitoring to ensure early discovery of potentially serious side effects like osteonecrosis of the jaw and

(ii)  The possibility of becoming injured, or permanently disabled as a result of using Fosamax.

F.  Failed to adequately test and/or warn about the serious side effects of Fosamax;

G.  Failed to include adequate warnings with Fosamax that would alert Plaintiffs, physicians, hospitals, and clinics, to the potential risks and the nature, scope, severity, and duration of any serious side effects of Fosamax;

H.  Continued to promote the efficacy and safety of Fosamax while providing little or no warnings, and downplaying any risks, even after Defendants knew of the risks of serious injury;

I.  Delayed warnings of, and then failed to provide adequate warnings about the serious injuries, which may have dissuaded

10

1    medical providers from prescribing Fosamax and deprived

2    medical providers from weighing the true risks against the

3    benefits of prescribing Fosamax; and

4    J.    Were otherwise careless or negligent.

5    48.    Despite the fact that Defendants knew or should have known that

6    Fosamax caused unreasonably dangerous side effects, Defendants continued and

7    are currently continuing to market, manufacture, distribute and/or sell Fosamax to

8    consumers, including Sachiko Williams  and her doctors.

9    49.    Defendants knew or should have known that consumers, such as

10   Sachiko Williams, would suffer injury as a result of Defendants' failure to exercise

11   ordinary care as described above.

12   50.    Plaintiff is entitled to punitive damages because the Defendants'

13   failure to warn was reckless and without regard for the public's safety and welfare.

14   The Defendants misled both the medical community and the public at large,

15   including Plaintiffs, by making false representations about the safety of Fosamax.

16   The Defendants downplayed, understated, and disregarded their knowledge of the

17   serious and permanent side effects associated with the use of Fosamax despite

18   available information demonstrating that their products were likely to cause serious

19   and potentially fatal side effects to users like Ms. Williams.

20   51.    As a direct, proximate and legal result of the negligence, carelessness,

21   other wrongdoing and actions of the Defendants described herein, Sachiko

22   Williams was, and still is, caused to suffer severe and permanent injuries including

23   diminished enjoyment of life, osteonecrosis of the jaw and other permanent health

24   problems.

25   52.    Based upon information and belief, Defendants actually knew of

26   Fosamax's defective nature, as set forth herein, but continued, and still continue, to

27   design, manufacture, market and sell the drug so as to maximize sales and profits at

28   the expense fo the health and safety of the public, including the Plaintiff, in

**COMPLAINT FOR DAMAGES**

conscious disregard of the foreseeable harm caused by the drug.

53.   Defendants' conduct in the license, design, manufacturing, assembly, packaging, warning, marketing, advertising, promotion, distribution and sale of, including, but not limited to:

   A.   Aggressively marketing and promoting Fosamax, knowing the high risks posed by failing to conduct sufficient pre-clinical and clinical testing and adequate post-marketing surveillance;

   B.   Failing to provide complete literature, instructions, and training to healthcare professionals indicating the proper use of Fosamax, and the need for monitoring of patients while on it;

   C.   Failing to include adequate warnings with Fosamax that would alert consumers, physicians, hospitals, clinics, and other users to the potential risks and the nature, scope, severity, and duration of any serious side effects of the drug, particularly, the risk of developing osteonecrosis of the jaw;

   D.   Continuing to promote the efficacy and safety of the drug, while providing little or no warnings, and downplaying any risks, even after Defendants knew of the increased risks associated with use of Fosamax;

   E.   Failing to warn of the dangerous side effects which may have dissuaded medical providers from prescribing Fosamax so freely, and depriving medical providers from weighing the true risks against the benefits of prescribing these drugs, was fraudulent, knowing misconduct, and/or conduct undertaken recklessly and with conscious disregard for the safety of consumers such as the Plaintiffs, such as to constitute despicable conduct, and oppression, fraud and malice, and such conduct was at all times relevant ratified by the corporate

12

**COMPLAINT FOR DAMAGES**

Defendants herein, thereby entitling Plaintiff punitive damages in an amount appropriate to punish and set an example of Defendants.

54.    As a result of MERCK and MCKESSON's conduct, Sachiko Williams suffered injuries and damages herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as set forth herein below.

### SECOND CAUSE OF ACTION
*Strict Product Liability - Failure to Warn*
(Against Defendants MERCK and MCKESSON)

55.    Plaintiff incorporates by reference the allegations in all proceeding paragraphs of this Complaint as though fully set forth in this paragraph.

56.    Defendants MERCK and MCKESSON are the manufacturer and/or supplier of Fosamax.

57.    Fosamax manufactured and/or supplied by Defendants MERCK and MCKESSON was unaccompanied by proper warnings regarding all possible side effects associated with their use and the comparative severity, incidence, and duration of such adverse effects, i.e., the warnings given did not accurately reflect the signs, symptoms, incidence, scope or severity of the side effects.

58.    Defendants failed to perform adequate testing that would have shown that Fosamax possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made, both with respect to the use of this drug.

59.    Fosamax manufactured and/or supplied by Defendants was defective due to inadequate post-marketing warnings or instructions because, after the manufacturer knew or should have known of the risks of injury from Fosamax, they failed to provide adequate warnings to users or consumers of the drug and continued, and still continue, to aggressively promote Fosamax.

60.    As a direct, proximate and legal result of the negligence, carelessness,

13

1   other wrongdoing and actions of Defendants described herein, Sachiko Williams
2   has been injured as described above.

3       61.   Based upon information and belief, Defendants actually knew of the
4   defective nature of Fosamax, as set forth herein, but continued, and still continue,
5   to design, manufacture, market, sell and distribute Fosamax so as to maximize
6   sales and profits at the expense of the health and safety of the public including Ms.
7   Williams, in conscious disregard of the foreseeable harm caused by Fosamax.

8       62.   Defendants conduct in the license, design, manufacturing, assembly,
9   packaging, warning, marketing, advertising, promotion, distribution, and sale of
10  Fosamax, including, but not limited to:

11          A.   Aggressively marketing and promoting Fosamax, knowing the
12               high risks posed by failing to conduct sufficient pre-clinical and
13               clinical testing and adequate post-marketing surveillance;

14          B.   Failing to provide complete literature, instructions, and training
15               to healthcare professionals indicating the proper use of
16               Fosamax, and the need for monitoring patients while on it.

17          C.   Failing to include adequate warnings with Fosamax that would
18               alert consumers, physicians, hospitals, clinics and other users to
19               the potential risks and the nature, scope, severity, and duration
20               of any serious side effects of the drug, particularly the risk of
21               developing osteonecrosis of the jaw, as well as other severe
22               permanent health problems;

23          D.   Continuing to promote the efficacy and safety of the drug,
24               while providing little or no warnings, and downplaying any
25               risks, even after Defendants knew of the increased risks
26               associated with Fosamax use;

27          E.   Failing to warn about the dangerous side effects, which may
28               have dissuaded medical providers from prescribing Fosamax so

14

**COMPLAINT FOR DAMAGES**

1   freely, and depriving medical providers from weighing the true

2   risks against the benefits of prescribing the drug, was

3   fraudulent, knowing misconduct, and/or conduct undertaken

4   recklessly and with conscious disregard for the safety of

5   consumers, such as the Plaintiff, such as to constitute

6   despicable conduct, fraud and malice, and such conduct was at

7   all times relevant ratified by corporate Defendants herein,

8   thereby entitling the Plaintiff to punitive damages in an amount

9   appropriate to punish and set an example of Defendant.

10   63.   Defendants' actions, as described above, were performed willfully,

11   intentionally, and with reckless disregard for the rights of Ms. Williams and the

12   public.

13   64.   As a result of Defendants' conduct, Sachiko Wiliams  has sustained

14   injuries described above.

15   65.   Accordingly, Ms. Williams seeks and is entitled to compensatory and

16   punitive damages in an amount to be determined at trial.

17   WHEREFORE, the Plaintiff prays for judgment against Defendants, and

18   each of them, as set forth herein below.

19   **THIRD CAUSE OF ACTION**
   ***Strict Product Liability - Manufacturing and Design Defect***

20   (Against Defendants MERCK and MCKESSON)

21   66.   Plaintiff incorporates by reference the allegations in all preceding

22   paragraphs of this Complaint as though fully set forth in this paragraph.

23   67.   The Defendants manufactured, sold, distributed, marketed, and/or

24   supplied Fosamax in a defective and unreasonably dangerous condition to

25   consumers, including Plaintiff Sachiko Williams.

26   68.   The Defendants manufactured, designed, sold, distributed, supplied,

27   marketed, and/or promoted Fosamax, which was expected to reach and did in fact

28   reach consumers, including Ms. Williams, without substantial change in the

15

**COMPLAINT FOR DAMAGES**

condition in which it was manufactured and sold.

69.     Sachiko Williams used Fosamax as prescribed and in a manner normally intended, recommended, promoted and marketed by the Defendants.

70.     Fosamax failed to perform safely when used by ordinary consumers, including Ms. Williams, even when it was used as intended and in a reasonably foreseeable manner.

71.     Fosamax was defective in its design and was unreasonably dangerous in that its unforeseeable risks exceeded the benefits associated with its design.

72.     Fosamax was defective in design in that it posed a greater likelihood of injury than other similar medications and was more dangerous than an ordinary consumer could reasonably foresee.

73.     Fosamax was defective in design in that neither bore nor was packaged wit nor accompanied by warnings adequate to alert consumers, including Sachiko Williams, of the risks described herein, including the risk of osteonecrosis of the jaw.

74.     Although the Defendants knew or should have known of the defective nature of Fosamax, they continued to design, manufacture, market, and sell Fosamax so as to maximize sales and profits at the expense of the public health and safety. By so acting, Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by Fosamax.

75.     Sachiko Williams could not, through the exercise of reasonable care, have discovered Fosamax's defects.

76.     As a direct and proximate consequence of Defendants' conduct, Plaintiff Sachiko Williams developed osteonecrosis of the jaw and requires, and will require in the future, healthcare. In addition, Ms. Williams has incurred, and will incur in the future, medical expenses as a result of her consumption of Fosamax. Accordingly, Plaintiffs seek and are entitled to compensatory and punitive damages in an amount to be determined at trial.

**COMPLAINT FOR DAMAGES**

1    WHEREFORE, the Plaintiff prays for judgment against Defendants, and

2  each of them, as set forth herein below.

3                          **FOURTH CAUSE OF ACTION**
                            *Breach of Express Warranty*
4                (Against Defendants MERCK and MCKESSON)

5    77.    Plaintiff incorporates by reference the allegations in all preceding

6  paragraphs of this Complaint as though fully set forth in this paragraph.

7    78.    Defendants, MERCK and MCKESSON, through description,

8  affirmation of fact, and promise relating to Fosamax, to the FDA, prescribing

9  physicians, and the general public, including Ms. Williams, expressly warranted

10 that Fosamax was safe and well accepted by users.

11   79.    Fosamax does not conform to these express representations because it

12 is not safe as its use produces serious adverse side effects including the risk of

13 developing osteonecrosis of the jaw, as well as other severe permanent health

14 problems.

15   80.    As such, Defendants' product was neither in conformity to the

16 promises, descriptions or affirmations of fact made about the drug nor adequately

17 contained, packaged, labeled or fit for the ordinary purposes for which such goods

18 are used.

19   81.    Defendant MERCK knew or should have known that, in fact, said

20 representations and warranties were false and misleading in that Fosamax was not

21 safe and/or fit for its intended use, and in fact resulted in serious injuries to the

22 user.

23   82.    Sachiko Williams relied on the express warranties of the Defendants

24 herein. Members of the medical community, including physicians, psychiatrists,

25 and other healthcare professionals, relied upon the representations and warranties

26 of the Defendants for use of Fosamax in prescribing, recommending, and/or

27 dispensing the product.

28   83.    Defendants thereafter breached their express warranties to the Plaintiff

**COMPLAINT FOR DAMAGES**

1    in violation of the applicable provisions of the Uniform Commercial Code in

2    California by: (i) manufacturing, marketing, packaging, labeling, and selling

3    Fosamax to the Plaintiff in such a way that misstated the risks of injury, without

4    warning or disclosure thereof by package and label of such risks to Plaintiff or

5    their prescribing physicians or pharmacists, or without so modifying or excluding

6    such express warranties; (ii) manufacturing, marketing, packaging, labeling, and

7    selling Fosamax to the Plaintiff, which failed to counteract their symptoms in a

8    safe and permanent manner and without injury; and (iii) manufacturing, marketing,

9    packaging, labeling, and selling Fosamax to the Plaintiff, thereby causing injury to

10   her.

11       84.    As a direct and proximate result of Defendants' conduct the Sachiko

12   Williams  was and still is caused to suffer severe and permanent injuries and

13   physical pain including diminished enjoyment of life, osteonecrosis of the jaw, as

14   well as other severe permanent health problems.

15       85.    Ms. Williams is to punitive damages because of Defendants' failure to

16   warn was reckless and without regard to their welfare. Defendants misled both the

17   medical community and the public at large, including the Plaintiff, by making false

18   representations about the safety of their product. Defendants downplayed,

19   understated, and disregarded their knowledge of the serious and permanent side

20   effects associated with the use of Fosamax, despite available information

21   demonstrating that it was likely to cause serious side effects to users.

22       WHEREFORE, the Plaintiff prays for judgment against Defendants, and

23   each of them, as set forth herein below.

24                          **FIFTH CAUSE OF ACTION**
                            *Breach of Implied Warranty*
25                   (Against Defendants MERCK and MCKESSON)

26       86.    Plaintiff incorporates by reference the allegations in all preceding

27   paragraphs of this Complaint as though fully set forth in this paragraph.

28       87.    At the time Defendants MERCK and MCKESSON marketed, sold,

18

**COMPLAINT FOR DAMAGES**

and distributed Fosamax, for use by the Plaintiff, Defendants knew of the use for which Fosamax was intended and impliedly warranted the drug to be of merchantable quality and safe and fit for its intended use.

88.     Defendants MERCK and MCKESSON impliedly represented and warranted to the Plaintiff, healthcare professionals and the FDA that the Fosamax it was supplying was safe and fit for ordinary use.

89.     Sachiko Williams and members of the medical community relied on Defendants warranties that their product Fosamax was of merchantable quality and safe and fit for its intended use.

90.     Contrary to such implied warranties, Fosamax was not of merchantable quality or safe or fit for its intended use, because it was unreasonably dangerous and unfit for the ordinary purposes for which it was used, as described above.

91.     Defendant's conduct in the license, design, manufacturing, assembly, packaging, warning, marketing, advertising, promotion, distribution, and sale of Fosamax, including but not limited to:

> A.     Marketing and promoting the product aggressively, knowing the high risks posed by failing to conduct sufficient pre-clinical and clinical testing and adequate post-market surveillance;
>
> B.     Failing to provide complete literature, instructions, and training to health care professionals indicating the proper use for Fosamax, and the need for monitoring patients while on the product;
>
> C.     Failing to include adequate warnings with Fosamax that would alert consumers, physicians, hospitals, clinics and other users of the potential risks and the nature, scope, severity and duration of any serious side effects of the drug, particularly, the risks of osteonecrosis of the jaw as well as other severe permanent

**COMPLAINT FOR DAMAGES**

health problems;

D.     Continuing to promote the efficacy and safety of Fosamax, while providing little or no warnings, and downplaying any risks, even after the Defendants knew of the increased risks associated with use of their product.

E.     Failing to warn of the dangerous side effects which may have dissuaded medical providers from prescribing Fosamax so freely, and depriving medical providers from weighing the true risks against the benefits of prescribing the product, was fraudulent, knowing misconduct, and/or conduct undertaken recklessly and with conscious disregard for the safety of consumers like Ms. Williams, such as to constitute despicable conduct, oppression, fraud and malice, and such conduct was at all times relevant ratified by the corporate Defendants herein, thereby entitling the Plaintiff punitive damages in an amount appropriate to punish and set an example of the Defendants.

92.     As a direct, proximate and legal result of Defendants' negligence, carelessness and other wrongdoing described herein, Sachiko Williams has sustained severe injuries as described above.

93.     Based upon information and belief, Defendants actually knew of Fosamax's defective nature, as set forth herein, but continued to design, manufacture, market, and sell Fosamax to maximize sales and profits at the expense of the health and safety of the public, including Ms. Williams in conscious disregard of the foreseeable harm caused by the drug.

WHEREFORE, the Plaintiff prays for judgment against Defendants, and each of them, as set forth herein below.

## SIXTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES

***Fraudulent Misrepresentation***
(Against Defendants MERCK and MCKESSON)

94.   Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

95.   Defendants MERCK and MCKESSON, having undertaken to prepare, design, research, develop, manufacture, inspect, label, market, promote, and sell Fosamax, owed a duty to Plaintiffs and the medical community to provide them accurate and complete information regarding these products.

96.   The Defendants' advertising program, by containing affirmative misrepresentations and omissions, falsely and deceptively sought to create the image and impression that the use of Fosamax was safe, had no unacceptable side effects, and would not interfere with daily life.

97.   On information and belief, Plaintiffs aver that Defendants failed to disclose, misstated, downplayed, and understated the health hazards and risks associated with the use Fosamax. Defendants deceived potential users and prescribers of the drug by relaying only allegedly positive information, while concealing, misstating and downplaying the known adverse and serious health effects.

98.   Defendants knew or should have known that Fosamax had been insufficiently tested and that it lacked necessary warnings. Defendants were or should have been in possession of evidence demonstrating that their product created a high risk of unreasonable, dangerous side effects, including osteonecrosis of the jaw, as well as other severe permanent health problems. Nonetheless, Defendants willfully, wantonly, and recklessly disregarded their obligation to provide truthful representations regarding the safety and risk of Fosamax to consumers, including Sachiko Williams, and the medical community.

99.   The Defendants' misrepresentations were made with the intent of defrauding and deceiving Ms. Williams, other consumers, and the medical

**COMPLAINT FOR DAMAGES**

community to encourage the sale fo Fosamax. Ms. Williams and her doctors justifiably relied to her detriment upon Defendants' positive misrepresentations concerning Fosamax.

100.   As a result of Defendants' conduct, Sachiko Williams has sustained injuries as described above. Ms. Williams will continue to suffer and require future healthcare services. Ms. Williams has also incurred and will continue to incur substantial medical expenses as a result of her injuries sustained from her Fosamax use.  Accordingly, Plaintiffs seek and are entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them , as set forth herein

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows for:

1.     Costs of suit incurred herein;

2.     Special damages according to proof;

3.     General damages according to proof;

4.     For exemplary and punitive damages according to proof;

4.     Prejudgment interest on these losses;

5.     For such other and further relief as the Court deems just.

**COMPLAINT FOR DAMAGES**

1   **<u>DEMAND FOR JURY TRIAL</u>**

2   Plaintiffs hereby demand a trial by jury in this action .

3

4   DATED: April 1, 2008            KHORRAMI POLLARD & ABIR, LLP

5

6   By: _____

7   SHAWN KHORRAMI, ESQ.
    State Bar No.  180411

8   KHORRAMI POLLARD & ABIR, LLP
    444 South Flower Street, 33rd Floor

9   Los Angeles, CA 90071
    Telephone: (213) 596-6000

10  Facsimile:   (213) 596-6010
    Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

**COMPLAINT FOR DAMAGES**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV08- 2218 AHM (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIKO WILLIAMS<br><br>PLAINTIFF(S)<br><br>v.<br><br>MERCK & CO., INC., and MCKESSON CORP.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-02218 AHM (AGRx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  MERCK & CO., INC., and MCKESSON CORP.

    A lawsuit has been filed against you.

    Within  __20__  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Khorrami Pollard & Abir LLP _____ , whose address is _444 S. Flower St., 33rd Floor, Los Angeles, CA 90071_____ .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___APR - 3 2008_____

By: _____
          Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**SUMMONS**

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

SACHIKO WILLIAMS

**DEFENDANTS**

MERCK & CO., INC., and MCKESSON CORP.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Bexar, TX

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Hunterdon, NJ

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Bajar Dejban, Esq.
Khorrami Pollard & Abir LLP
444 S. Flower St., 33rd Floor
Los Angeles, CA 90071

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ over $75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Product Liability

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☑ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

CV08-02218

**FOR OFFICE USE ONLY:** Case Number:

CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b).  **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Texas

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
   Merck & Co., Inc. - New Jersey
   McKesson Corp. - San Francisco County

List the **California County**, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
   Texas

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date ____04/02/2008____

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |